# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FRANKLIN HOLMES, | No. 4:24-CV-00655 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| LAURAL HARRY, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION AND ORDER

### OCTOBER 14, 2025

Petitioner James Franklin Holmes is currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas). He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his conviction and sentence entered by the Court of Common Pleas for Chester County, Pennsylvania, at docket number CP-15-CR-0002480-2016.[1] For the following reasons, the Court will require Holmes to show cause as to why his Section 2254 petition should not be dismissed as barred by the statute of limitations.[2]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas

---

[1] Doc. 1.
[2] This Court may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Wood v. Milyard*, 566 U.S. 463, 472 (2012) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)); *see also* 28 U.S.C. § 2254 Rule 4.

corpus relief in federal court.[3] In most cases, and as appears to be relevant for Holmes' petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."[4] The AEDPA expressly provides for tolling of this limitations period when "a *properly* filed application for State post-conviction or other collateral relief" for the at-issue judgment is "pending."[5]

On May 7, 2019, Holmes was convicted by a jury of 477 counts of possession of child pornography.[6] On June 10, 2020, he was sentenced to an aggregate term of 20 to 40 years' incarceration.[7] After the trial court rejected his post-sentence motions, Holmes appealed to the Superior Court of Pennsylvania.[8] The Superior Court affirmed Holmes' judgment of sentence on February 19, 2021.[9] Holmes did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania,[10] and thus his conviction became final for AEDPA purposes on March 21, 2021, when the time for seeking such review expired.[11]

---

[3] *See* 28 U.S.C. § 2244(d)(1).
[4] *Id.* § 2244(d)(1)(A).
[5] *Id.* § 2244(d)(2) (emphasis added).
[6] *Commonwealth v. Holmes*, No. 1397 EDA 2020, 2021 WL 652368, at *1 (Pa. Super. Ct. Feb. 19, 2021) (nonprecedential).
[7] *Id.*
[8] *Id.*
[9] *Id.*, at *1, *7.
[10] *See Commonwealth v. Holmes*, No. 340 EDA 2022, 2022 WL 2965592, at *1 (Pa. Super. Ct. July 27, 2022) (nonprecedential).
[11] *See* PA. R. APP. P. 1113(a) (requiring, generally, that petition for allowance of appeal be filed within 30 days after entry of appellate court order sought to be reviewed); 28 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, if petitioner

Holmes timely filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA)[12] on August 2, 2021.[13] However, by the time Holmes filed his PCRA petition (which initiated tolling of the one-year federal habeas limitations period), 133 days had already elapsed on his Section 2254 statute of limitations.[14] Holmes' PCRA petition was eventually denied by the PCRA court and that denial was affirmed by the Superior Court on July 27, 2022.[15] Holmes filed a petition for allowance of appeal with the Pennsylvania Supreme Court, but that petition was denied on March 28, 2023.[16]

Accordingly, Holmes' state PCRA process was completed and Section 2244(d)(2) tolling of his federal habeas limitations period ended on March 28, 2023, because the time for seeking *certiorari* in the Supreme Court of the United States for denial of state post-conviction relief does not continue to toll the AEDPA's statute of limitations.[17] As 133 days had already elapsed before Section 2244(d)(2) tolling was initiated, Holmes had only 232 days remaining on his one-year clock—or until November 15, 2023—in which to file his Section 2254

---

does not appeal conviction to state's highest court, judgment becomes "final" for AEDPA purposes when time for seeking such review in state's highest court expires); *Tomlin v. Britton*, 448 F. App'x 224, 226 (3d Cir. 2011) (nonprecedential) (same).

[12] 42 PA. CONS. STAT. § 9541 *et seq.*
[13] *See Holmes*, No. 340 EDA 2022, 2022 WL 2965592, at *1.
[14] *See LaCava v. Kyler*, 398 F.3d 271, 273-74 (3d Cir. 2005) (explaining statute-of-limitations calculations when a timely state-court post-conviction petition is filed).
[15] *See Holmes*, No. 340 EDA 2022, 2022 WL 2965592, at *1, *6.
[16] *Commonwealth v. Holmes*, No. 434 MAL 2022, 295 A.3d 237 (Pa. 2023) (table).
[17] *See Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007); *LaCava*, 398 F.3d at 274 (citing *Stokes v. Dist. Att'y of Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001)).

petition in federal court.[18] Holmes' petition, however, was signed and delivered to prison officials for mailing on March 26, 2024,[19] almost four months after the AEDPA's one-year statute of limitations expired.

Apparently realizing that he was facing statute-of-limitations issues, Holmes filed a motion to stay and abey his Section 2254 proceedings while he continued to pursue a second PCRA petition in state court.[20] The Court granted that motion, acknowledging that there was uncertainty as to Holmes' AEDPA statute of limitations and that his petition appeared to be raising exhausted and unexhausted claims.[21] Notably, the Court did not make any explicit determination as to whether Holmes' Section 2254 petition was timely filed under the AEDPA.

Holmes has now returned to federal court and filed an amended Section 2254 petition,[22] apparently seeking to lift the stay and pursue federal habeas relief. However, upon careful consideration of Holmes' state-court and federal filings, as recounted above, it appears that Holmes' Section 2254 petition (and his amended petition),[23] have been filed well out of time.

---

[18] See *LaCava*, 398 F.3d at 274.
[19] See Doc. 1 at 12, 13.
[20] Doc. 2.
[21] See Doc. 8.
[22] Doc. 13.
[23] Holmes' second PCRA petition was dismissed as untimely, and this dismissal was affirmed on appeal by the Superior Court. See *Commonwealth v. Holmes*, No. 2313 EDA 2023, 2024 WL 3085281, at *1, *3 (Pa. Super. Ct. June 21, 2024) (nonprecedential). Only a "properly filed" state post-conviction petition can toll the AEDPA's statute of limitations. 28 U.S.C. §

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. The stay entered in this case on May 14, 2024, is **LIFTED**.

2. Holmes shall have **21 days** from the date of this Order to show cause as to why his petition for a writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as time-barred under the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1).

3. If no response is timely received, the Court will dismiss Holmes' Section 2254 petition as time-barred for the reasons stated herein.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

2244(d)(2). Thus, Holmes' untimely second PCRA petition would have no effect on the statute of limitations for his Section 2254 petition.