IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FRANKLIN HOLMES, | No. 4:24-CV-00655 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| LAURAL HARRY, *et al.*, | |
| Respondents. | |

MEMORANDUM OPINION

NOVEMBER 12, 2025

Petitioner James Franklin Holmes is currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas). He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] seeking to overturn his convictions and sentence entered by the Court of Common Pleas for Chester County, Pennsylvania, at docket number CP-15-CR-0002480-2016. Holmes, however, has filed his Section 2254 petition out of time and cannot establish a basis for tolling the statute of limitations, so the Court must dismiss his petition.

I.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas

---

[1] Doc. 1.

corpus relief in federal court.[2]  In most cases, and as relevant for Holmes' habeas petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."[3]  The AEDPA expressly provides for tolling of this limitations period when "a *properly filed* application for State post-conviction or other collateral relief" for the at-issue judgment is "pending."[4]

On May 7, 2019, Holmes was convicted by a jury of 477 counts of possession of child pornography.[5]  On June 10, 2020, he was sentenced to an aggregate term of 20 to 40 years' incarceration.[6]  After the trial court rejected his post-sentence motions, Holmes appealed to the Superior Court of Pennsylvania.[7]  The Superior Court affirmed Holmes' judgment of sentence on February 19, 2021.[8]  Holmes did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania,[9] and thus his conviction became final for AEDPA purposes on March 21, 2021, when the time for seeking such review expired.[10]

---

[2] *See* 28 U.S.C. § 2244(d)(1).
[3] *Id.* § 2244(d)(1)(A).
[4] *Id.* § 2244(d)(2) (emphasis added).
[5] *See Commonwealth v. Holmes*, No. 1397 EDA 2020, 2021 WL 652368, at *1 (Pa. Super. Ct. Feb. 19, 2021) (nonprecedential).
[6] *Id.*
[7] *Id.*
[8] *Id.*, at *1, *7.
[9] *See Commonwealth v. Holmes*, No. 340 EDA 2022, 2022 WL 2965592, at *1 (Pa. Super. Ct. July 27, 2022) (nonprecedential).
[10] *See* PA. R. APP. P. 1113(a) (requiring, generally, that petition for allowance of appeal be filed within 30 days after entry of appellate court order sought to be reviewed); 28 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, if petitioner does not appeal conviction to state's highest court, judgment becomes "final" for AEDPA

Holmes timely filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA)[11] on August 2, 2021.[12] However, by the time he had filed his initial PCRA petition (which triggered statutory tolling of the one-year federal habeas limitations period), 133 days had already elapsed on his Section 2254 statute of limitations.[13] Holmes' PCRA petition was eventually denied by the PCRA court and that denial was affirmed by the Superior Court on July 27, 2022.[14] He filed a petition for allowance of appeal with the Pennsylvania Supreme Court, but that petition was denied on March 28, 2023.[15]

Accordingly, Holmes' state post-conviction process was completed and Section 2244(d)(2) tolling of his federal habeas limitations period ended on March 28, 2023, because the time for seeking *certiorari* in the Supreme Court of the United States for denial of state post-conviction relief does not continue to toll the AEDPA's statute of limitations.[16] As 133 days had already elapsed before Section 2244(d)(2) tolling was initiated, Holmes had only 232 days remaining on his one-year clock—or until November 15, 2023—in which to file his Section 2254

---

purposes when time for seeking such review in state's highest court expires); *Tomlin v. Britton*, 448 F. App'x 224, 226 (3d Cir. 2011) (nonprecedential) (same).

[11] 42 PA. CONS. STAT. § 9541 *et seq.*
[12] *See Holmes*, No. 340 EDA 2022, 2022 WL 2965592, at *1.
[13] *See LaCava v. Kyler*, 398 F.3d 271, 273-74 (3d Cir. 2005) (explaining statute-of-limitations calculations when a timely state-court post-conviction petition is filed).
[14] *See Holmes*, No. 340 EDA 2022, 2022 WL 2965592, at *1, *6.
[15] *Commonwealth v. Holmes*, No. 434 MAL 2022, 295 A.3d 237 (Pa. 2023) (table).
[16] *See Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007); *LaCava*, 398 F.3d at 274 (citing *Stokes v. Dist. Att'y of Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001)).

petition in federal court.[17] Holmes' petition, however, was signed and delivered to prison officials for mailing on March 26, 2024,[18] over four months after the AEDPA's one-year statute of limitations had expired.

Apparently realizing that he was facing statute-of-limitations concerns, Holmes filed a motion to stay and abey his Section 2254 proceedings while he continued to pursue a second PCRA petition in state court.[19] The Court granted that motion, acknowledging that there was uncertainty as to Holmes' AEDPA statute of limitations and that his petition appeared to be raising exhausted and unexhausted claims.[20] Notably, the Court did not make any determination at that time as to whether Holmes' Section 2254 petition was timely filed under the AEDPA.

On October 9, 2025, Holmes returned to federal court and filed an amended Section 2254 petition,[21] apparently seeking to lift the stay and pursue federal habeas relief. The Court, recognizing a potentially dispositive statute-of-limitations issue on the face of Holmes' petition, promptly issued a memorandum opinion and order laying out Holmes' procedural history and requiring him to

---

[17] See *LaCava*, 398 F.3d at 274.
[18] See Doc. 1 at 12, 13.
[19] Doc. 2.
[20] See Doc. 8.
[21] Doc. 13.

show cause as to why his Section 2254 petition should not be dismissed as barred by the AEDPA's one-year limitations period.[22]

Holmes timely responded to that show-cause order.[23] In his response, Holmes concedes that the "facts presented in the [October 14, 2025 memorandum opinion and order] as it pertains to the charges, court trial dates, and dates related to the first and second PCRA petitions are correct."[24] He argues, however, that the one-year statute of limitations for his amended federal habeas petition should be determined under 28 U.S.C. § 2244(d)(1)(D) rather than § 2244(d)(1)(A) because he is basing the claims therein on "new facts" that he could not have previously discovered through the exercise of due diligence.[25]

Holmes' "newly discovered evidence" argument fails for multiple reasons. First, and most importantly, even assuming that some or all the claims asserted in Holmes' amended Section 2254 petition are based on newly discovered evidence, he still must have filed his federal habeas petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[26] According to Holmes, he became aware of the purported new evidence in "October 2022," when it was

---

[22] *See generally* Doc. 14. This Court may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Wood v. Milyard*, 566 U.S. 463, 472 (2012) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)); *see also* 28 U.S.C. § 2254 Rule 4.
[23] *See generally* Doc. 15.
[24] *See id.* at 1.
[25] *See id.* at 1-2; Doc. 2 at 1.
[26] 28 U.S.C. § 2244(d)(1)(D).

5

turned over to him by the government in a different criminal case.[27] Thus, Holmes had until October 2023 to file a Section 2254 petition raising these new grounds for relief.[28] As previously noted, however, Holmes did not file his Section 2254 petition until March 26, 2024.

Moreover, although Holmes filed a second PCRA petition in state court, that petition <u>did not</u> toll the AEDPA's statute of limitations. That is because the state courts found that the second petition was untimely and jurisdictionally barred,[29] and therefore this post-conviction petition was not "properly filed" as required by 28 U.S.C. § 2244(d)(2).[30] The Superior Court specifically determined that the claims Holmes was attempting to assert in his second PCRA petition either (1) had already been raised and adjudicated on direct review or during initial PCRA proceedings; or (2) did not meet the PCRA's statute-of-limitations exception for newly discovered evidence codified in 42 PA. CONS. STAT. § 9545(b)(1)(ii).[31] So even assuming without deciding that Holmes' amended Section 2254 petition

---

[27] *See* Doc. 2 at 1; Doc. 15 at 2.
[28] *See* 28 U.S.C. § 2244(d)(1)(D).
[29] *See Commonwealth v. Holmes*, No. 2313 EDA 2023, 2024 WL 3085281, at *2-3 (Pa. Super. Ct. June 21, 2024) (nonprecedential).
[30] *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 268 (3d Cir. 2022) (citing *Merrit v. Blaine*, 326 F.3d 157, 162 (3d Cir. 2003) ("[T]o fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and 'properly filed.'")); *Merrit*, 326 F.3d at 165-66 ("[W]e must defer to the state court's holding that [petitioner]'s PCRA petition was untimely and it follows that it was not 'properly filed' under AEDPA."); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (holding that untimely PCRA petition does not toll statute of limitations for federal habeas corpus petition).
[31] *See Holmes*, No. 2313 EDA 2023, 2024 WL 3085281, at *2-3.

raises claims based on "newly discovered evidence," his amended Section 2254 petition is still time-barred under 28 U.S.C. § 2244(d)(1)(D)—it was not filed within one year of his discovery of the purportedly new evidence and statutory tolling does not apply.

A second reason Holmes' "newly discovered evidence" argument fails is because it is self-defeating. Under Holmes' reasoning, the federal claims raised in his amended Section 2254 petition and based on new evidence would be barred by the doctrine of procedural default.

As thoroughly set forth above, Holmes' newly discovered evidence argument logically would not apply to any claim that was raised on direct appeal or in his initial PCRA petition (or any claim that could have been so raised). Rather, the accrual date for the AEDPA's one-year statute of limitations for those claims is clearly governed by 28 U.S.C. § 2244(d)(1)(A)—*i.e.*, the date when his state-court judgment became final. Consequently, Holmes' argument based on Section 2244(d)(1)(D) would not apply to any claim he properly exhausted in state court on direct appeal or during initial PCRA proceedings when he pressed those claims through one complete round of appellate review with adjudication on the merits.[32]

It follows, then, that Holmes' "newly discovered evidence" argument could only apply to federal habeas claims that he either asserted in his second PCRA

---

[32] *See Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).

petition or did not raise in state court at all. The fatal problem intertwined with this conclusion is that any such claim has not been properly exhausted in state court and therefore is procedurally defaulted.

As noted in this Court's prior show-cause Order, both the PCRA court and the Pennsylvania Superior Court rejected Holmes' "new evidence" claims by holding that his second PCRA petition was jurisdictionally barred by the PCRA's one-year statute of limitations.[33] None of his claims were adjudicated on the merits,[34] and therefore they were not properly exhausted in state court.[35] Additionally, the state court's refusal to entertain Holmes' second PCRA petition indicates that review of those claims is clearly foreclosed by state law and thus they are procedurally defaulted and unreviewable.[36]

---

[33] *See Holmes*, No. 2313 EDA 2023, 2024 WL 3085281, at *2-3.

[34] *See id.*

[35] *See Carpenter*, 296 F.3d at 146.

[36] *See id.* Holmes invokes the exception to procedural default created by *Martinez v. Ryan*, 566 U.S. 1 (2012), in an apparent attempt to render his federal habeas petition timely. *See* Doc. 15 at 4-5. Holmes' reliance on *Martinez* is misplaced. *Martinez* provides a narrow exception to procedural default of claims of ineffective assistance of trial counsel; it does not speak to the AEDPA's statute of limitations or provide an exception thereto. Furthermore, if Holmes is attempting to invoke *Martinez* to excuse procedural default of a claim or claims, that argument likewise fails. As explained above, it appears that the only federal habeas claims that Holmes procedurally defaulted are the new claims he attempted to raise in his untimely second PCRA petition and then included in his amended Section 2254 petition. In that amended Section 2254 petition, only Ground 2 (or "Claim 2") references ineffective assistance of trial counsel. *See* Doc. 13 at 6; Doc. 13-1 at 4; Doc. 13-2 at 6-18. Yet the trial-counsel-ineffectiveness claims contained in Ground 2 do not appear to be procedurally defaulted; rather, those claims were asserted during Holmes' initial PCRA proceedings. Holmes concedes as much. *See* Doc. 15 at 4 (averring that he "did bring [ineffective-assistance] claims against defense counsel in his first PCRA petition," and that "the [ineffective-assistance] claims against defense counsel have merit when viewed with the newly discovered evidence"). The Court, therefore, need not further address Holmes' undeveloped *Martinez* argument because his initial Section 2254 petition, like his amended petition, is plainly barred by the AEDPA's statute of limitations.

In sum, neither Holmes' initial Section 2254 petition nor his amended Section 2254 petition was timely filed, and neither can be saved by statutory tolling under Section 2244(d)(2). His federal habeas claims, therefore, are time-barred unless he can establish some basis for equitable tolling.[37]

The AEDPA's statute of limitations is subject to equitable tolling.[38] Application of this doctrine, however, should be "sparing," occurring "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis.[39] To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his Section 2254 petition.[40] The diligence required is "reasonable diligence," not "maximum feasible diligence."[41] The extraordinary circumstance, or circumstances, must be "beyond [the petitioner's] control."[42] Finally, the equitable tolling standard is conjunctive, requiring the petitioner to establish both elements before tolling is permitted.[43]

---

[37] *See Martin*, 23 F.4th 261, 272 (3d Cir. 2022).
[38] *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)).
[39] *Id.* (alteration in original) (quoting *LaCava*, 398 F.3d at 275) (citing *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012)).
[40] *Holland*, 560 U.S. at 649 (citation omitted).
[41] *Id.* at 653 (citations omitted); *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).
[42] *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 & n.2 (2016).
[43] *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012).

Holmes has not made this difficult showing. He has not even tried to do so. His primary timeliness argument—as explained above—alleges a different accrual date for the AEDPA's one-year limitations period based on purportedly new evidence,[44] and that argument is meritless. So equitable tolling does not apply, either.

The Court thus concludes that Holmes' federal habeas petition is barred by the AEDPA's statute of limitations. Holmes has not established a basis for tolling that would render his petition timely, so his Section 2254 petition must be dismissed.

## II. CONCLUSION

For the foregoing reasons, the Court will dismiss Holmes' Section 2254 petition and his amended Section 2254 petition as time-barred. The Court likewise declines to issue a certificate of appealability, as Holmes has failed to make a substantial showing of the denial of a constitutional right,[45] or that "jurists of

---

[44] Holmes also makes a passing reference to 28 U.S.C. § 2244(d)(1)(B), cursorily stating that he was impeded by the state from proving "any of his claims when he brought these new facts forth in appeal of his first PCRA and addressed in his second PCRA petition." Doc. 15 at 4 ¶ 12. This single, conclusory sentence falls far short of establishing a different accrual date for the AEDPA's one-year statute of limitations under Section 2244(d)(1)(B). It is also based on a fundamental misunderstanding of that statutory provision. When Section 2244(d)(1)(B) describes an "impediment to filing an application," it is referring to an application for a writ of habeas corpus under 28 U.S.C. § 2254, not a state PCRA petition. Holmes has not identified any impediment created by "State action" that violated "the Constitution or laws of the United States" and prevented him from filing a timely Section 2254 petition. Rather, it appears that Holmes simply waited too long to file his federal habeas petition after exhausting state court remedies (*i.e.*, his initial Section 2254 petition) or after the alleged discovery of new evidence (*i.e.*, his amended Section 2254 petition).

[45] 28 U.S.C. § 2253(c)(2).

reason would find it debatable" whether this Court's procedural ruling is correct.[46]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[46] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).